IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CALVIN D. ELIZARES | ) | CIVIL NO.   06-00465 HG-LEK |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| ROBERT PARKER, FRANK LOPEZ, | ) | |
| MARK J. BENNETT, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATION,
AS SUPPLEMENTED AND MODIFIED,
TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed a Petition for Writ of Habeas Corpus challenging his convictions in the District Court of the Second Circuit, State of Hawaii.  The Petition was referred to the Magistrate Judge pursuant to Local Rule 72.5 and 28 U.S.C. § 636(a).

After reviewing the Petition, Answer, Petitioner's Reply, Petitioner's objections and the Magistrate Judge's Finding and Recommendation, the Court ADOPTS, as supplemented and modified, the February 27, 2007 Amended Findings and Recommendation to Deny Petition for Writ of Habeas Corpus.

**BACKGROUND AND PROCEDURAL HISTORY**

1

On August 28, 2006, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to Section 2254 of Title 28 of the United States Code ("Petition," Doc. 1).

On September 26, 2006, Petitioner filed a document entitled "Supplemental Supporting Facts" (Doc. 9).

On September 28, 2006, the Magistrate Judge granted a first enlargement of time for Respondents to file an answer to the petition for habeas corpus (Doc. 10).

On November 28, 2006, the Magistrate Judge granted a second enlargement of time for Respondents to file an answer (Doc. 12). Respondents were given until December 15, 2006 to file an answer.

On December 14, 2006, Respondents filed an answer and exhibits to the petition for writ of habeas corpus ("Answer," Docs. 16-18).

On January 3, 2007, Petitioner filed a reply (Doc. 21).

On January 26, 2007, the Magistrate Judge issued a Findings and Recommendation to Deny the Petition for Writ of Habeas Corpus (Doc. 23, "January 26, 2007 F&R").

Objections to the January 26, 2007 F&R were due on February 9, 2007.

On February 14, 2007 Petitioner filed objections (Doc. 24).

On February 27, 2007, the Magistrate Judge, in response to portions of Petitioner's objections, issued an Amended Findings and Recommendation to Deny the Petition for Writ of Habeas Corpus

2

(Doc. 26, "February 27, 2007 Amended F&R").

Objections to the February 27, 2007 Amended F&R were due on March 13, 2007.

On March 19, 2007, Petitioner filed Objections to the Amended Findings and Recommendation to Deny Petition for Writ of Habeas Corpus (Doc. 27).[1]

Respondents have not replied to Petitioner's Objections.

The Court ADOPTS the relevant background as set forth in the February 27, 2007 Amended F&R.  The background is not recounted here.

## STANDARD OF REVIEW

A district judge may designate a magistrate judge to submit to the district judge proposed findings of fact and recommendations for the disposition of a Petition for Writ of Habeas Corpus by the district judge.  28 U.S.C. § 636 (b)(1)(B); LR72.5.

This Court must review de novo those portions of the magistrate judge's Findings and Recommendation to which a party objects.  Fed. R. Civ. P. 72(b).  The Court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

---

[1]  The Court notes that based on the Magistrate Judge's deadline for filing objections to the February 27, 2007 F&R, Petitioner's objections were untimely.  The Court shall reach the merits of Petitioner's objections despite their untimeliness.

3

Id.; see also LR 74.2.  This Court may accept those portions of the Findings and Recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) (citing Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

### I.  Petitioner's Objections to the February 27, 2007 Amended Findings and Recommendation

Petitioner makes six objections to the February 27, 2007 Amended F&R.  He contends that:

(1) Ground One of his petition for writ of habeas corpus is "colorable;"

(2) Hawaii Rule of Penal Procedure 40(a)(3) is not an independent and adequate state rule;

(3) Grounds Two through Seven are exhausted and are not procedurally defaulted in the state court to bar review here;

(4) the magistrate judge erred in concluding that Petitioner's Writ of Certiorari to the Hawaii Supreme Court was untimely;

(5) the stipulation that was used in his trial to prove a prior conviction was an invalid forgery, and his trial counsel's failure to acquire his signature on the

4

stipulation is a legitimate basis for his ineffective

assistance of counsel claim;

(6)   the trial court erred in failing to include certain

necessary elements in two jury instructions.

The Court considers each objection in turn.

### (1)   *Ground One of Petition for Writ of Habeas Corpus is Denied*

Petitioner objects to the Magistrate Judge's recommendation

that Ground One of his petition for writ of habeas corpus be

denied.  Petitioner asserts that "Ground One is colorable and

should not be denied."

In Ground One, Petitioner claims that the trial court erred

by denying his motion for mistrial or new trial when it was

disclosed, post-trial, that a juror inadvertently overheard

information relating to Petitioner's prior conviction for murder.

(Pet. at 6.)  The Magistrate Judge considered and articulated the

reasons for rejecting Petitioner's argument.

The standard of fairness in the United States Constitution

requires that a defendant have a "'panel of impartial,

indifferent jurors.'"  Murphy v. Florida, 421 U.S. 794, 799

(1975), quoting Irvin v. Dowd, 366 U.S. 717, 722 (1961).  The

Constitution does "not require a new trial every time a juror has

been placed in a potentially compromising situation."  Smith v.

Phillips, 455 U.S. 207, 217 (1982).

The petitioner challenging the juror has the burden and

5

"[u]nless [petitioner] shows the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality, the juror need not necessarily be set aside."  Irvin, 366 U.S. at 723

Juror exposure to information about a defendant's prior convictions is not presumptively prejudicial evidence of the deprivation of due process.  Murphy, 421 U.S. at 799.  In Smith, the United States Supreme Court held that a state court complied with due process requirements when it held a post-trial hearing on allegations of juror bias.  Smith, 455 U.S. at 215.

For the reasons stated by the Magistrate Judge, the Court finds that the decision of the state court to deny Petitioner's motion for mistrial or new trial, was neither contrary to, nor an unreasonable application of clearly established federal law.

The Court ADOPTS the Magistrate Judge's recommendation that Ground One of the petition for writ of habeas corpus be DENIED.

### (2)  Hawaii Rule of Penal Procedure 40(a)(3) is an Adequate and Independent State Law

Petitioner objects to the Magistrate Judge's finding that Hawaii Rule of Penal Procedure 40(a)(3) is an adequate and independent state law ground sufficient to support procedural default.  The Magistrate Judge considered and articulated specific reasons for rejecting Petitioner's argument.

Hawaii Rule of Penal Procedure 40(a)(3) precludes state prisoners from filing petitions for post-conviction relief if the

6

issue was previously ruled upon or was "knowingly and understandingly" waived by the failure to raise is before trial, at trial, or on appeal, unless there are "extraordinary circumstances" justifying the failure to raise the issue.

The Ninth Circuit Court of Appeals has held that to be deemed "adequate" and "independent" pursuant to the adequate and independent state grounds doctrine, the state procedural rule "must be well-established and consistently applied." Cockett v. Ray, 333 F.3d 938, 943 (9th Cir. 2003), citing Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003); Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999).

The Ninth Circuit Court of Appeals has held that Hawaii Rule of Penal Procedure 40(a)(3) is consistently applied and an adequate and independent state procedural rule sufficient to support procedural default. Cockett, 333 F.3d at 943.

For the reasons stated by the Magistrate Judge, the Court finds that Petitioner's claims in Grounds Two through Seven were procedurally defaulted in the state court.

The Court ADOPTS the Magistrate Judge's finding that Hawaii Rule of Penal Procedure 40(a)(3) is an adequate and independent state procedural rule sufficient to support a finding of procedural default.

**(3) *Grounds Two through Seven of Petition for Writ of Habeas Corpus are Denied as Procedurally Barred from Review by the Court***

Petitioner objects to the Magistrate Judge's finding that Grounds Two through Seven in his petition for writ of habeas corpus are exhausted, but were procedurally defaulted in state court, and are procedurally barred from review here.

First, the Magistrate Judge found that all of Petitioner's Grounds for relief are exhausted. The Magistrate Judge found that Ground One was "actually exhausted" and Grounds Two through Seven were "technically exhausted." (February 27, 2007 Amended F&R at 17-26).

Second, Petitioner's claims were procedurally defaulted in the state court, and are procedurally barred from federal review. When a petitioner defaults his federal claims in state court pursuant to an adequate and independent state rule, federal habeas review on the merits is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged federal law violation, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 724 (1991); Cockett, 333 F.3d at 943.

For the reasons set forth by the Magistrate Judge, the Court finds that Petitioner has not established cause to excuse his default. Nor has Petitioner demonstrated that the failure to consider his claims will result in a fundamental miscarriage of justice. The Court finds that Petitioner's claims in Grounds Two

8

through Seven are procedurally barred from review by the Court.

The Court ADOPTS the Magistrate Judge's recommendation that Petitioner's claims in Grounds Two through Seven be DENIED.

### (4) *The Magistrate Judge Did Not Determine that Petitioner's Application for Writ of Certiorari to the Hawaii Supreme Court Was Untimely*

Petitioner objects to the Magistrate Judge's "discussion" regarding Petitioner's application for writ of certiorari from the Hawaii Supreme Court (February 27, 2007 Amended F&R at 6 n.4). Petitioner asserts that the writ could have been timely, and there is no way to determine conclusively because the Hawaii Supreme Court did not explicitly find the application to be untimely.

The Magistrate Judge's discussion regarding the application for writ of certiorari from the Hawaii Supreme Court makes clear that the Hawaii Supreme Court did not explicitly determine that the application was untimely, but after initially granting the petition for review, dismissed the petition for review as "improvidently granted." The Magistrate Judge was merely pointing out that *if* the application had been regarded as "untimely" by the Hawaii Supreme Court, Petitioner's current Petition for Writ Habeas Corpus may have been time-barred.

The Magistrate Judge's discussion regarding Petitioner's application for certiorari from the Hawaii Supreme Court does not alter the reasoning nor the outcome of Petitioner's current

9

Petition.

The Court ADOPTS the Magistrate Judge's discussion.

### (5)  *Petitioner Signed the Stipulation*

Petitioner objects to the Magistrate Judge's finding that Petitioner's claim that he never signed a stipulation relating to his prior convictions (Ex. P to Answer) is "belied by a comparison of his signature on the stipulation" to other documents signed by Petitioner. Petitioner points to a variety of alleged discrepancies in the signed stipulation that he contends demonstrate his signature was a forgery.  The Magistrate Judge considered and articulated the reasons for rejecting Plaintiff's argument.

There is no evidence to support that the signature on the stipulation (<u>Id.</u>) was a forgery.  As found by the Magistrate Judge, a comparison of the signature on the stipulation to other documents (Exs. PP, RR, TT to Answer) demonstrates that the signatures are identical. Any prejudice from the stipulation is harmless, as Petitioner referred to himself as a convicted felon several times during his trial testimony.  (Ex. KKK at 25, 40 to Answer).

The Court ADOPTS the Magistrate Judge's finding that Petitioner's claim for ineffective assistance of counsel (Ground Seven of Petition), based on counsel's failure to procure Petitioner's signature on a stipulation regarding his prior

convictions, is without merit.

### (6)  *The Record Demonstrates that the Jury Instructions Were Proper*

Petitioner objects to the Magistrate Judge's finding that instructions Number 29 and Number 33 (as numbered when read to the jury) contained the necessary elements.

Petitioner made these same arguments in his Petition and reply (Ground 3, ineffective assistance of counsel based on alleged failure of trial counsel to challenge erroneous jury instructions).  He claims that instruction Number 29 omitted the state of mind element of "intentionally."  Petitioner also claims that instruction Number 33 omitted the "attendant circumstances element."  The Court agrees with the Magistrate Judge's articulated reasons for rejecting Petitioner's arguments.

The Court ADOPTS the Magistrate's Judge's finding that the record demonstrates that instruction Number 29 included the "intentional" element, and instruction Number 33 included the "attendant circumstances" element.

## II.  Modifications

In accordance with the foregoing, the Court ADOPTS the February 27, 2007 Amended F&R as the opinion and order of this Court, with the following modifications:

1.   On page 4, first full paragraph, line 2, "(Resps.' Ex. NNN, 8-11.)" is replaced with "(Resps.' Ex. NNN 8-13.)

2.   On page 7, first full paragraph, line 7, "**Conclusions**

11

**of Law 3**.", should not be in bold, and is replaced with "Conclusions of Law 3.".

3.   On page 8, continued paragraph, line 2, "**Conclusions of Law 4**.", should not be in bold, and is replaced with "Conclusions of Law 4.".

4.   On page 8, continued paragraph, line 7, "**Conclusions of Law 6**.", should not be in bold, and is replaced with "Conclusions of Law 6.".

5.   On page 14, first full paragraph, lines 7-8, "*Id.* at 27-28" is replaced with "*Id.* at 29".

6.   On page 16, first full paragraph, line 9, "are exhausted.", is replaced with "are thus exhausted.".

7.   On page 20, first full paragraph, line 9, "*Fukusaku*, 946 P.2d at 593", is replaced with "*Fukusaku*, 946 P.2d at 50".

8.   On page 33, first full paragraph, line 5, "RR, PP", is replaced with "RR, PP.)".

/

/

/

/

/

/

/

/

/

/

/

## CONCLUSION

For the foregoing reasons,

(1)   The Magistrate Judge's February 27, 2007 Amended

Findings and Recommendation to Deny Petition for Writ

of Habeas Corpus (Doc. 26) is **ADOPTED**, as modified and

supplemented above; and

(2)   The Petition for Writ of Habeas Corpus (Doc. 1) is

**DENIED.**

IT IS SO ORDERED.

DATED: July 11, 2007, Honolulu, Hawaii.



_/s/ Helen Gillmor_____
Chief United States District Judge

---

Civil No. 06-00465 HG-LEK; <u>Elizares v. Parker, et al.</u>; ORDER
ADOPTING AMENDED FINDINGS AND RECOMMENDATION, AS SUPPLEMENTED AND
MODIFIED, TO DENY PETITION FOR WRIT OF HABEAS CORPUS